FILED

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS  05 DEC 15  PM 2: 46
LAREDO DIVISION

U.S. COURTS
SOUTHERN DISTRICT
TEXAS

SARA ALICIA B. TRAUTMANN
AND SABT RANCH, LTD.

VS.                                  §        CIVIL ACTION NO. L-04-117

COGEMA MINING, INC.,
MALAPAI RESOURCES COMPANY,
MALCO, AND TOTAL CORPORATION  §        **JURY REQUESTED**

## MOTION IN INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, PATRICIA J. BENAVIDES; ARTURO TOMAS BENAVIDES;

LOS ANGELES CATTLE CO., LTD., AND LOS ANGELES MINERALS, LTD.,

hereinafter referred to as "Movants," and file this their Motion in Intervention, and in

support thereof would show the court as follows:

I.

This Motion in Intervention is filed pursuant to Rule 24 of the Federal Rules of

Civil Procedure, and the aforementioned Movants hereby seek to intervene in the original

suit which is styled SARA ALICIA B. TRAUTMANN AND SABT RANCH, LTD, vs.

COGEMA MINING, INC., MALAPAI RESOURCES COMPANY, MALCO, AND

TOTAL CORPORATION under cause number L-04-117 pending before the Honorable

Micaela Alvarez in the Laredo Division of the Southern District of Texas.

II.

Attached and incorporated hereto for all purposes is movants' pleading entitled

Plaintiffs' Original Complaint for Declaratory Judgment setting forth movants' claims.

A reading of the attached Plaintiffs' Original Complaint for Declaratory Judgment reflects that the defendants in the main suit, and in movants' pleadings are identical. Moreover, the identical defendants in the original suit, and in movants' pleadings leased surface acreage for a uranium mining operation from the plaintiffs in the original suit, and movants who are adjoining landowners. Thus, the identical defendants used virtually the same uranium mining lease when they leased contiguous surface acreage from the plaintiffs in the original suit, and the movants herein.

### III.

Additionally, the claims by the plaintiffs in the original suit are for declaratory judgment, breach of contract, and for negligent uranium mining operations requiring restoration of Plaintiffs lands are the same as the claims of the movants herein. Moreover, there are not only common questions of law, but also common questions of fact between the original suit, and movants attached pleading.

A reading of movants pleadings readily reveals that there are common questions of law as to the interpretation of the same standard uranium mining lease, the Federal Declaratory Judgment Act, and as to issues of limitations, the applicability of the discovery rule, the applicability of fraudulent concealment and estoppel, and the applicability of the confusion of goods doctrine.

There are also numerous common questions of fact, including but not limited to, whether the defendants negligently mined uranium from the approximately 5,458 surface acres owned by the plaintiffs in the original suit, and the movants herein. There are also common questions of fact as to whether the common underground aquifer being used by the defendants to mine uranium has been contaminated by the defendants operations, and

whether this underground aquifer has in turn contaminated other common underground aquifers beneath the approximately 5,458 surface acres owned by the plaintiffs, and the movants herein.

IV.

It makes for judicial economy for the same judge (Hon. Micaela Alvarez) to dispose of both causes of action at once as opposed to perhaps two different Federal District Judges disposing of two virtually identical cases separately. Moreover, the movants' intervention will not unduly delay or prejudice the adjudication of the rights of the original parties in that the required discovery has not been completed in the original suit.

WHEREFORE, PREMISES CONSIDERED, Movants pray that their Motion in Intervention be set for a hearing, that subsequent thereto their motion be granted, and further prays for all other relief to which movants may be entitled.

Respectfully submitted,

EMILIO DAVILA, JR.
Bar ID# 338
1112 San Agustin
Laredo, Texas 78040
Telephone: 956-723-3639
Facsimile: 956-727-8130

## CERTIFICATE OF CONSULTATION

Undersigned counsel has conferred with counsel for the Plaintiffs in the original lawsuit, and he (Donato D. Ramos) has no objection to undersigned counsel intervening in the original suit. Undersigned counsel also conferred with counsel for the Defendants (Carlos M. Zaffirini, Sr.), in the original lawsuit, and he does object to undersigned counsel's intervention in the original lawsuit.

EMILIO DAVILA, JR.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiffs original complaint, and

Motion to Intervene have been served upon the following counsel of record via the

method specified on this the 15th day of December 2005:

**CERTIFIED MAIL, R.R.R.**
Mr. Carlos M. Zaffirini, Sr.
ZAFFIRINI & CASTILLO
Attorneys at Law
1407 Washington Street
Laredo, Texas 78042-0627

**REGULAR MAIL**

Donato D. Ramos
Attorney at Law
Walker Plaza Building
5810 San Bernardo, Suite 101
Laredo, Texas 78041

EMILIO DAVILA, JR.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

PATRICIA J. BENAVIDES; ARTURO     §
TOMAS BENAVIDES; AND LOS ANGELES
CATTLE CO., LTD.; AND LOS ANGELES
MINERALS, LTD.

VS.                                            §        CIVIL ACTION NO.

COGEMA MINING, INC.,
MALAPAI RESOURCES COMPANY,
MALCO, AND TOTAL CORPORATION   §      **JURY REQUESTED**

## PLAINTIFFS' ORIGINAL COMPLAINT
## FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COME PATRICIA J. BENAVIDES; ARTURO TOMAS BENAVIDES; AND LOS ANGELES MINERALS, LTD.**, hereinafter jointly referred to as "Plaintiffs", and file this their Plaintiffs' Original Complaint for Declaratory Judgment complaining of COGEMA MINING, INC., MALAPAI RESOURCES COMPANY, MALCO and TOTAL CORPORATION, hereinafter jointly referred to as "Defendant" and/or "Defendants", and for cause of action would respectfully show the Court as follows:

## FEDERAL DECLARATORY JUDGMENT ACT

1.      This suit is brought under the Declaratory Judgment Act of the State of Texas, and is also brought under the Federal Declaratory Judgment Act, 28 U.S.C.A. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure. Plaintiffs would state that there is a justiciable controversy between Plaintiffs and Defendants as more particularly set out below which necessitates the filing of this suit to resolve the

1

controversy.

## PARTIES

2. Plaintiff **PATRICIA J. BENAVIDES** is an individual who lives and resides in Webb County, Texas.

3. Plaintiff, **ARTURO TOMAS BENAVIDES,** is an individual who lives and resides in Webb County, Texas.

4. **LOS ANGELES MINERALS, LTD.,** is a Texas Limited Partnership, organized and existing under the laws of the State of Texas and having its principal place of business in Webb County, Texas. Patricia J. Benavides is the Managing Partner of Los Angeles Minerals, Ltd. **LOS ANGELES CATTLE CO., LTD.,** is a Texas Limited Partnership, organized and existing under the laws of the State of Texas and having its principal place of business in Webb County, Texas. Patricia J. Benavides is the Managing Partner of Los Angeles Cattle Co., Ltd.

5. Defendant, COGEMA MINING, INC., is a corporation organized and incorporated under the laws of the State of Delaware and doing business in the State of Texas, who has answered and otherwise made an appearance in this case.

5. Defendant, MALAPAI RESOURCES COMPANY, is a foreign corporation organized and existing under the laws of the State of Arizona and doing business in the State of Texas, who has answered and otherwise made an appearance in this case.

6. Defendant, MALCO, is believed to be a corporation whose state of incorporation is unknown at this time and which company is doing business in the State of Texas, who has answered and otherwise made an appearance in this case.

7. Defendant, TOTAL CORPORATION, is believed to be a corporation whose state of incorporation is unknown at this time and which company is doing business in the State of Texas, who has answered and otherwise made an appearance in this case.

## JURISDICTION AND VENUE

8. The subject matter in controversy is within the jurisdictional limits of this Court, and Plaintiffs herein invoke the provisions of the Texas Declaratory Judgment Act and also invokes the Federal Declaratory Judgment Act because there is a justiciable controversy and genuine dispute between the parties as to the rights and obligations of the parties, and the amount of damages due from Defendants to Plaintiffs.

9. This court has jurisdiction over the parties because all parties have made or are hereby making appearances in this case.

10. Venue is proper in the United States District Court for the Laredo Division, Southern District of Texas, and all parties concede that venue is proper in this case in that the subject realty is located in the Laredo Division of the Southern District of Texas, and the parties have so answered in the original suit.

## FACTS

11. The Plaintiffs herein are the successors in interest to approximately 2,033.5 surface acres contiguously situated within Webb and Duval County, Texas heretofore set aside to Arturo Trinidad Benavides by partition deed dated December 9, 1949 recorded in Volume 306, Pages 424-428 of the Deed Records of Webb County, Texas, et. seq. Said 2,033.5 surface acres are the subject of the original mining lease executed by Mobil Oil Corporation dated March 23, 1973, and recorded in Volume 436,

3

Pages 96-104 of the Webb County Deed Records, subsequently amended by Amendment and Extension of Mining Lease dated May 14, 1976, recorded in Volume 513, Pages 624-626 of the Deed Records of Webb County, Texas; and subsequently amended by Amendment to Mining Lease dated October 5, 1977, recorded in Volume 287, Pages 30-47 of the Webb County Deed Records, and subsequently amended by Amendment to Mining Lease dated February 15, 1983. All of the aforementioned amendments and deeds are incorporated herein for all purposes. For all purposes herein, said 2,033.5 surface acres shall hereafter be jointly referred to as "Lands." Defendants herein or in concert with each other have succeeded to the rights under said Mining Lease and its amendments, and have and continue to conduct operations on Plaintiffs lands and are responsible for the obligations thereunder, and those imposed by law. Under this lease, the Defendants and lessee thereunder were granted the right to explore for, develop, mine, remove and market therefrom all minerals and other substances as described therein, except oil and gas, and the lessor therein was to be paid royalties in accordance with the provisions of said mining lease.

In addition to the express and implied obligations under said lease and subsequent amendments thereto, Defendants as Lessees agreed to conduct all of their exploratory operations in an orderly manner and as a reasonably prudent operator. Additionally, the lease expressly required that all exploration and mining activities by Defendants wherever conducted on the premises by them "shall be" conducted so as not to damage any ground water supplies, whether underground or on the surface. Lessor and Defendants herein further expressly agreed that in the event that such exploring or mining activities resulted in damage to or destruction of such water supplies of Plaintiffs, lessee

4

was to (shall) repair, restore, and replace any well, tank, reservoir or other water facility so damaged or destroyed, with reasonable diligence and dispatch, if feasible in opinion of Lessee, or if not feasible, then Defendants shall pay such amount of money as will reasonably compensate Plaintiffs for any damages so sustained. Defendants have damaged and contaminated Plaintiffs' water supplies and have indicated they do not intend to restore the water aquifers and water supplies to pre-mining levels as required under the lease terms. As such, Defendants are liable to Plaintiffs for the cost of restoring the said water supplies and water aquifers to their pre-mining water quality levels. Defendants have failed to keep Plaintiffs fully advised of their operations, and have not conducted their restoration with reasonable diligence and dispatch. Additionally, Defendants were obligated at their own expense, to reconstruct and replace within a reasonable length of time any surface water facilities damaged and to remove all trash from the subject properties. Defendants have indicated they have no intention of removing trash and debris situated both buried and in open pits located on the subject surface acres. Defendants have no authority to leave such debris, pipes, and trash on the surface or buried under Plaintiffs' lands, much less contaminants, and Plaintiffs request that this Court enter a decree ordering Defendants to remove all such trash, pipes, and debris from the Leased premises. Defendants should also be required to furnish to Plaintiffs test results and other satisfactory evidence that they have restored the subject lands to pre-mining conditions.

Plaintiffs at all times relied on the express and verbal representations of Defendants. Defendants both prior to and during the course of this litigation have entered into a course of conduct through verbal representations, meetings and discussions which

5

occurred in Laredo, Webb County, Texas, which has created uncertainty in Plaintiffs' minds as to Defendants willingness to comply with their contractual obligations and restore the subject lands to pre-mining conditions. As a result, a justiciable controversy has arisen between the parties as to the appropriate standard to which remediation and restoration efforts should be made and Plaintiffs believe that Defendants' standards are undefined and not consistent with the express obligations and agreements of the parties. It appears clearly to Plaintiffs that the ongoing remediation is being conducted at lower standards than agreed to in writing, and are not being restored to pre-mining conditions. Plaintiffs desire that Defendants conduct all restoration and remediation procedures in accordance with their agreements and representations that the lands and ground water supply be restored to their original condition which existed before Defendants' mining operations, and request that this Honorable Court enter a judgment, and a decree establishing the standard as agreed upon by the parties for restoration and remediation with provisions in said judgment and decree which survive the judgment and offer adequate protection.

12.    In addition to all of its obligations both contractual and implied at law, lessee and Defendants under the above captioned lease were required to restore all lands used by the Defendants to as near as possible to its "original condition." The term "lands" includes not only the surface but also surface and all subsurface water, water sands and all other water bearing strata. Plaintiffs would state that Defendants have failed to comply with their obligations to restore to such standards, and as such are liable to Plaintiffs for monetary damages. In the alternative, Plaintiffs request a decree ordering Defendants to restore all lands and subsurface water tables and water conditions to those

6

conditions which existed prior to Defendants' mining operations. Defendants' standard to remediate and restore the water, surface and all other lands should be the standard utilized using the pre-mining condition of the subsurface waters, aquifers and lands as the benchmark rather than minimally attempting to restore and remediate to the lesser non-contractual standards imposed by the State of Texas and appropriate federal and state agencies. The Defendants are not free to ignore their contractual obligations, and opt to adopt lower standards of restoration and remediation. In the event that Defendants fail to restore to pre-mining conditions, Plaintiffs request a decree and judgment from this Court requesting damages in the amount of the actual costs to be incurred by Plaintiffs in properly restoring their lands to pre-mining conditions.

13. In addition to the foregoing obligations and the express and implied obligations of the parties, there is an additional requirement imposed by law that the Defendants as lessee conduct all of their operations on Plaintiff's property in a reasonable and prudent manner. Under the law, Defendants herein were required to properly manage and administer the subject lease and all amendments and agreements entered into by the parties. The Plaintiffs would state that the Defendants have been acting jointly and in concert with each other and that they have failed to properly manage and administer the lease and all amendments thereto and have failed to comply with their implied obligations under the law and during the years of operation have had numerous spills and other leakages of hazardous materials which have contaminated and otherwise condemned both the surface and subsurface soils and waters. Defendants have failed to restore and remediate Plaintiffs' lands with due diligence and dispatch and continue to delay and control the use and possession of the surface of these lands without

7

compensation to Plaintiffs.  Plaintiffs seek monetary damages for such delays and lack of diligence.  Defendants have failed to show proof that such spills and the contamination resulting therefrom has been adequately remediated. Although Defendants agreed to keep Plaintiffs fully informed of their operations, spills and remediation and restoration efforts, they have failed to do so.  Defendants' rights to possession of the subject lands under the Lease have terminated, and Defendants wrongfully continue to be in possession of the lands without any lawful authority and without compensating Plaintiffs.  Plaintiffs seek monetary damages for this willful, intentional, and deliberate continuous trespass. Recently, Defendant Cogema Mining, Inc., has filed applications for amendments to the restoration values with the Texas Commission on Environmental Quality seeking to amend and change the baseline conditions which were in their original applications for their permits.  This is an obvious effort by Cogema Mining, Inc., to attempt to argue that this lesser standard will be their new remediation standard. This is incorrect and contrary to the written agreement of the parties.  The actual pre-mining use and quality of the groundwater and water aquifers is the benchmark, and Defendants refuse to accept such standard.  Plaintiffs request that this Honorable Court enter a decree defining and reconfirming such standard for all remediation and restoration efforts, and require Defendants to remediate Plaintiffs' lands in accordance with such contractual standard. The express provisions of the agreements between the parties require that the Defendants "shall repair, restore, and replace any well, tank, reservoir, or other water facility so damaged or destroyed, with reasonable diligence and dispatch, if feasible in opinion of lessee, or if not feasible, then lessee shall pay such amount of money as will reasonably compensate lessor for any such damage so sustained."  Plaintiffs would state that

8

Defendants have, through their negligence and inaction, damaged and/or polluted groundwater resources and portions of the surface of Plaintiff's lands and that they have neither repaired, restored or replaced, or otherwise restored Plaintiffs' property to its original condition nor have they paid to Plaintiffs reasonable restoration costs as damages. Defendants have wrongfully and negligently left trash, pipes, contaminated soil, and debris on and under the subject premises whose degree of contamination is undefined. Plaintiffs have requested this and other information as to "hot spots" and contamination of the subject lands, both surface and subsurface, and Defendants have yet to produce same to Plaintiffs. Such action and the other breaches of Defendants of their duty to properly manage and administer this lease have forced Plaintiffs to file this suit for which Plaintiffs seek damages, costs of litigation and reasonable attorneys' fees.

14.     The Plaintiffs would state that at all times material hereto the Defendants have individually and/or in concert with each other engaged in the conduct above described and as such, have been negligent and grossly negligent in their operations and have failed to comply with their express and implied obligations both under the law and under the agreements between the parties, and they have systematically entered into a course of conduct including misrepresentations of fact which constitute a fraud on Plaintiffs designed to not disclose nor inform the Plaintiffs of their ongoing operations which clearly are designed to cover up and leave groundwater and other surface conditions not in accordance with baseline conditions existing at the time of commencement of mining operations as agreed upon between the parties. This course of conduct and negligence has proximately caused and will continue to cause substantial damage and injury to Plaintiffs and their lands which are ongoing and for which Plaintiffs

9

seek monetary damages. Defendants' actions likewise expose Plaintiffs to future liability as to third-parties since Defendants have no intention to remediate and restore the subsurface aquifers, groundwater, and surface to pre-mining conditions. Plaintiffs should be monetarily compensated for such future damages. Additionally, Defendants have been and are currently covering up and not fully disclosing to Plaintiffs the materials, hazardous substances and contaminants which are being left on the premises without complying with their obligation of restoring the premises to as near their original condition as possible. Defendants have not made deed filings disclosing their waste disposal on Plaintiffs' property. In fact, Plaintiffs have reason to believe that open holes on the subject lands have not been properly plugged and abandoned, and have been and are a source of communication which is conducive to contamination to underground waters and water aquifers. Plaintiffs would suggest that this Honorable Court enter appropriate orders so that Plaintiffs are protected during this period of time and enter appropriate post judgment remedies to protect Plaintiffs from the future wrongful conduct of Defendants, and Plaintiffs' future liability to third parties for Defendants' actions. Defendants should not be allowed to abandon the subject premises without conducting the appropriate restoration, and meeting their obligations under the contracts, and under the law. Plaintiffs further request that this Court by judgment and appropriate orders continue to monitor the remediation procedures in the future so as to insure proper and appropriate remediation of Plaintiffs' lands and subsurface waters to those levels as are declared by this Court to be the appropriate remediation levels consistent with the agreement between the parties. Additionally, Plaintiffs request that this Honorable Court enter a judicial decree and appropriate orders which clearly establish the standard to

10

which Defendants are to remediate and restore the groundwater resources, and the surface, and that the Court establish an "actual use" and pre-mining condition standard as the benchmark for groundwater and surface resource remediation and restoration.

## DAMAGES

15.    Plaintiffs would state that the Defendants have damaged and continue to damage both the surface and subsurface groundwater resources through their negligent operations and refusal to comply with their contractual obligations.  Defendants have failed to conduct the proper remediation, and restoration, nor have they taken whatever steps are necessary to comply with their implied and express obligations to remediate the surface, subsurface waters, and otherwise restore the surface and subsurface waters to their original condition and to the actual use and conditions which existed prior to their mining operations. Under the agreements between the Plaintiffs and Defendants, the Defendants were obligated to repair, restore and replace any property, surface, water reservoir, water facilities and subsurface water tables and groundwater resources with reasonable diligence and dispatch, and if not, they are obligated under the contract and the law to pay such sums of money as would reasonably compensate the Plaintiffs for their damages and loss of property, including but not limited to the restoration costs. Plaintiffs would state that Defendants have failed to comply with their obligations as above listed and certainly have not acted with reasonable diligence and dispatch to repair, restore and replace the properties and water tables which have been impacted by their operations. The defendants' acts and omissions jointly and separately constitute ordinary and gross negligence for which negligence Plaintiffs are entitled to recover from Defendants substantial damages which are estimated to be in excess of One Million

11

Dollars. Plaintiffs would state that their damages are ongoing and will not be quantified until such time as Defendants fully comply with their legal obligations to the Plaintiffs or otherwise indicate an unwillingness to remediate and restore in accordance with their obligations. At such time a determination can be made of the post-mining water resource contamination levels as compared to the actual use levels existing prior to the mining operations. Defendants have been and are in full control of all subsurface and surface technical information pertaining to the plaintiffs' lands. Plaintiffs request that this Court make an evidentiary presumption that subsurface waters and aquifers have been contaminated and have not been restored to pre-mining conditions since Defendants have through their actions "confused" and "commingled" the subsurface waters and aquifers, and have misrepresented that the Soledad aquifer for which they sought an exemption had no usage. This is further evident by Defendants own public filings to which Plaintiffs request that this Honorable Court take judicial knowledge. As a consequence, Plaintiffs herein request that this Honorable Court at the trial of this cause determine whether or not the Defendants have fully complied with all of their implied and express obligations and that to the extent that they have not restored and/or remediated the lands and property including groundwater resources to the pre-mining levels and to their original condition that the Court determine the amount of monetary damages to be paid to Plaintiffs for such failure and additional damages for the permanent and ongoing damages which Plaintiffs will suffer into the future which were proximately caused and/or caused by Defendants' actions and negligence. Defendants should not be permitted to benefit from their own wrongful conduct.

12

16. Plaintiffs have brought this lawsuit under the Uniform Declaratory Judgment Act of the State of Texas, and under the Federal Declaratory Judgment Act as pled above, and for breach of contract, and for simple and gross negligence, and as such Plaintiffs are entitled to be paid their reasonable attorney's fees, court costs and expenses of litigation for having to prosecute this suit. Additionally, Plaintiffs hereby give specific notice to Defendants of their breaches of express and implied obligations under the Mining Lease and amendments thereto, and hereby further give Defendants additional requisite notice for all contractual breaches set out herein as a further basis for the recovery of attorney's fees. Defendants continue to ignore Plaintiffs' notices and have failed to take the requisite corrective action to remedy their breaches. Defendants have refused to further confer with Plaintiffs until plaintiffs dismiss all of their complaints. Plaintiffs have had to pursue this litigation because of Defendants' indifference to Plaintiffs' rights. However, Plaintiffs would state that they are also entitled to reasonable and necessary attorney's fees for the prosecution of this lawsuit under the two respective declaratory judgment acts, both state and federal, which are cited above. Plaintiffs request to have this Court declare the rights of the Plaintiffs under the various agreements between the parties and the implied obligations under the law which Defendants owe to Plaintiffs as alleged above, and damages as set out above.

## DISCOVERY RULE

17. Plaintiffs would state that the injuries and resulting damages caused by Defendants' actionable conduct were inherently undiscoverable by their nature, and were unlikely to be discovered by Plaintiffs within any applicable limitations period despite Plaintiffs' exercise of reasonable diligence. Moreover, the evidence of Plaintiffs' injuries

13

and damages is objectively unverifiable. Consequently, the discovery rule applied to defer the accrual of Plaintiffs' causes of action.

## FRAUDULENT CONCEALMENT & ESTOPPEL

18.    Plaintiffs would further plead that Defendants cannot avoid liability for their wrongful conduct by deceitfully concealing their wrongdoing. In the event and to the extent that Defendants have made fraudulent misrepresentations and have concealed material facts from Plaintiffs which prevented the discovery of any of Plaintiffs' causes of action, Defendants should be estopped from asserting any defense of limitations.

## CONFUSION OF GOODS AND BURDEN
## OF PROOF AS TO SUBSURFACE WATER

19.    As stated above, Defendants have failed to fully disclose to Plaintiffs the nature and extent of subsurface and surface contamination as compared to pre-mining levels. Defendants are in full control of the surface and subsurface and their operations have created the conditions, uncertainty and confusion which exist on the surface and subsurface. Defendants have been in sole and exclusive possession of the subsurface waters and aquifers and have had all of the records and geological information within their exclusive control. Plaintiffs would state that Defendants have by their actions confused and commingled the subsurface waters resulting in actual or potential contamination of subsurface waters and as such the burden is on Defendants to establish the competent proof that they have not contaminated subsurface waters and the Court enter an evidentiary presumption to that effect. Plaintiffs invoke the confusion of goods doctrine and other equitable doctrines in view of Defendants' conduct.

## REQUEST FOR JURY TRIAL

20.    Plaintiffs request a trial by jury.

14

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, the appropriate declaratory judgment and decree granting the relief as prayed for by Plaintiffs above, and against the Defendants, jointly and severally, and that the court, based on the determination of the extent of damage and injury to Plaintiffs' surface and subsurface and groundwater resources, enter a monetary judgment in excess of the minimum jurisdictional limits of the court as is proved at the trial of this cause; together with pre-judgment and post-judgment interest as provided by law; reasonable attorney's fees; expenses of experts; litigation; and restoration and court costs; punitive damages as prayed above; and such other and further relief to which Plaintiffs may be entitled at law or in equity, and as prayed above. Plaintiffs request a judgment which provides for court intervention in the event of non-performance by Defendants, and other remedies as the Court may deem appropriate.

Respectfully submitted,

EMILIO DAVILA, JR.
Bar ID# 338
1112 San Agustin
Laredo, Texas 78040
Telephone: 956-723-3639
Facsimile: 956-727-8130

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiffs original complaint, and Motion to Intervene have been served upon the following counsel of record via the

15

method specified on this the 15th day of December 2005:

**CERTIFIED MAIL, R.R.R.**
Mr. Carlos M. Zaffirini, Sr.
ZAFFIRINI & CASTILLO
Attorneys at Law
1407 Washington Street
Laredo, Texas 78042-0627

**REGULAR MAIL**

Donato D. Ramos
Attorney at Law
Walker Plaza Building
5810 San Bernardo, Suite 101
Laredo, Texas 78041

_Emilio Davila Jr._
EMILIO DAVILA, JR.

16