O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| SARA ALICIA B. TRAUTMANN, | § | |
| and SABT RANCH, LTD. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No. 04-117 |
| | § | |
| COGEMA MINING, INC., | § | |
| MALAPAI RESOURCES COMPANY, | § | |
| MALCO, and TOTAL CORPORATION, | § | |
| | § | |
| Defendants. | § | |

# **O R D E R**

Pending before this court is Patricia J. Benavides; Arturo Tomas Benavides; Los Angeles Cattle Co., Ltd.; and Los Angeles Minerals, Ltd.'s Motion in Intervention and Plaintiffs' Motion in Support of Intervention [Docket Nos. 48-49]. Patricia J. Benavides; Arturo Tomas Benavides; Los Angeles Cattle Co., Ltd.; and Los Angeles Minerals, Ltd. ("Movants") request to intervene in Civil Action No. L:04-117.

## I.      BACKGROUND

Movants allege that 1) Movants' proposed complaint is identical to Plaintiffs' Complaint; 2) Defendants in Movants' proposed complaint are the same Defendants in the main suit; 2) Movant's claims are the same claims made by Plaintiffs in the original suit; 3) there are common questions of law as to the interpretation of the same standard uranium mining lease used on Movants land ("Benavides land") and Plaintiffs' land ("Trautmann land"); and 4) there are common questions of fact including whether Defendants negligently mined uranium from the approximately 5,458

surface acres owned by Movants and Plaintiffs, whether the common underground aquifer being used by Defendants to mine uranium has been contaminated by Defendants' operations, and whether the underground aquifer has in turn contaminated other common underground aquifers.

Defendants oppose Movants' Motion in intervention alleging that the motion has been untimely made; Movants' motion fails to identify Movants' interest relating to the property or transaction which is the subject of the suit; a resolution of Plaintiffs' pending suit will have no effect on Movants' ability and right to file a separate lawsuit; Movants have not shown unusual circumstances warranting intervention; intervention would unduly delay this case, cause Cogema to incur additional expenses, and  prejudice the adjudication of Cogema's rights by reopening discovery; and Movants have failed to meet the requirements in Federal Rule of Civil Procedure 24(a) or 24(b).

## II.    INTERVENTION AS A MATTER OF RIGHT[1]

Federal Rule of Civil Procedure 24(a) allows certain parties to intervene as a matter of right. Fed. R. Civ. P. 24(a).  Subsection (1) allows intervention when it is provided by statute.[2]  Fed. R. Civ. P. 24(a)(1).  Subsection (2) allows intervention as a matter of right when the would be intervenor shows: A) that the application for intervention is timely; B) that the applicant has an interest relating to the property or transaction which is the subject of the action; C) that the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and D) that the applicant's interest is inadequately represented by the existing

---

[1]  Movants failed to state in their motion whether they were moving for intervention as a matter of right or permissibly.  However, Movants' in their closing remarks at the hearing on February 14, 2006, requested that they be permitted to intervene either as a matter of right or in the alternative permissibly.

[2]  Subsection (1) of the Federal Rule of Civil Procedure 24(a) is not applicable to this case.  Movants failed to show any statute providing for intervention as a matter of right.

parties to the suit.  Fed. R. Civ. P. 24(a)(2); *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d

1285, 1287 (5th Cir. 1987).  If a party seeking to intervene fails to meet any of the above four

requirements, then it may not intervene as a matter of right.  *Kneeland,* 806 F.2d at 1287.

**A.      *Whether Movants have timely filed their Motion for Intervention?***

In order to intervene as a matter of right, the movant must make a "timely application."  Fed.

R. Civ. P. 24(a).  A court should consider the following four factors to determine whether a motion

for intervention has been timely made:  1) the length of time the intervenor knows or should have

known about his stake in the case, 2) the extent that the existing parties will be prejudiced because

of the intervenor's failure to apply for intervention as soon as he actually knew or reasonably should

have known of his interest in the case, 3) the extent that the intervenor will be prejudiced if his

motion to intervene is denied, and 4) the existence of unusual circumstances militating either for or

against a determination that the application is timely.  *Stallworth v. Monsanto Co.*, 558 F.2d 257,

264-66 (5th Cir. 1977)(citing *United Airlines Inc. v. McDonald*, 432 U.S. 385, 394 (1977); *NAACP

v. New York*, 413 U.S. 345, 368 (1973); *SEC v. Tipco, Inc.*, 554 F.2d 710, 711 (5th Cir. 1977);

*Monten v. Bricklayers Int'l  Union*, 543 F.2d 224, 228 (D.C. Cir. 1976); *McDonald v. E.J. Lavino

Co.*, 430 F.2d 1065, 1073 (5th Cir. 1970); *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1125 (5th Cir.

1970)).

*1.      The length of time the intervenor knows or should have known about his stake in the case*

In determining the length of time the intervenor knows or should have known about his stake

in the case, "the time that the would-be intervenor first became aware of the pendency of the case

is not relevant to the issue of whether his application was timely."  *Id*. at 266.  Instead, the critical

time period is the length of time that the would-be intervenor actually knew or should of known of

his *interest* in the case and the date he petitioned for leave.   *Id*. at 265.

At the hearing before this Court, Movants allege that they became aware of their stake in Plaintiffs' pending litigation on December 7, 2005, when the Zepher Firm, at Movants' request, provided Movants with a groundwater sampling report stating that well #6 on Movant's land has a high Selenium content.   Movants also stated that they have been involved in an administrative proceeding with the Texas Commission on Environmental Quality for at least the past six months and that the proceeding has involved the level of contaminates and restoration requirements on the Trautmann and Benavides land.   Defendants allege that Movants have been involved in the administrative proceeding since October 18, 2004, and therefore they have been aware of their stake in this case since October 18, 2004.   The Court finds that Movants have been aware of their stake in Plaintiffs' pending litigation since October 18, 2004, and that Movants waited well over a year after they knew of their stake in the pending litigation to file their Motion to Intervene on December 15, 2005.

2.      *The extent that the existing parties will be prejudiced because of the intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case*

The prejudice that should be considered is that created by the intervenor's delay in seeking to intervene after it learns of its interest, not prejudice to existing parties if intervention is allowed. *Ford v. City of Huntsville*, 242 F.3d 235, 240 (5th Cir. 2001).   "Whether allowing intervention will delay the progress of the case or prejudice the rights of the original parties is a factor which the district court must consider in exercising its discretion to permit intervention under section (b) of Rule 24."   *Stallworth*, 558 F.2d at 265.   "Prejudice must be measured by the delay in seeking intervention, not the inconvenience to the existing parties." *Sierra Club v. Espy*, 18 F.3d 1202, 1206

(5th Cir. 1994).  A court should allow intervention, "where no one would be hurt and greater justice could be attained."  *Id.* at 1205(citing *McDonald v. E.J. Lavino Co.*, 430 F2d 1065, 1074 (5th Cir. 1970).

The court finds that Defendants have not adequately shown that they will be prejudiced due to Movant's delay in seeking to intervene as a matter of right.  Defendants claim that "intervention will unduly delay this case, will cause Cogema to incur additional expenses, and will prejudice the adjudication of Cogema's rights."  Def.'s Opp'n to Mot. to Intervene, pp. 5-6.  Defense Counsel stated in oral argument that the "principle injury [to Defendants] is delaying the case [and] also hav[ing] to redepose everybody."  Defendants' injuries do not rise to the level of prejudice required.  Defendants' inconvenience due to delay in the progress of the case does not rise to the level of prejudice required to show untimeliness for intervention as a matter of right.  Although Defendants have shown that Movants waited well over a year before filing their Motion for Intervention, Defendants have not shown that they will be prejudiced due to Movants' failure to file their motion earlier.[3]

3.     *The extent that Movants will be prejudiced if their motion to intervene is denied*

Movants will be prejudiced if their motion is denied; if Movants bring a separate suit against Defendants, any potential remedy for Movants may be restricted by a judgment issued in the pending case.  Movants argue that collateral estoppel may prejudice Movants' ability to protect their interest in the case.  In oral arguments, Movants stated that if the court found that a specific mining technique used on the Trautmann land was not a negligent technique and the same technique was

---

[3]  Although delaying the case may be considered regarding the timeliness element in permissive intervention, with respect to intervention as a matter of right only that prejudice that is a result of Movants' delay in filing its motion to intervene should be considered.  Although the Court sympathizes with Defendants regarding the delay that intervention may cause, the Court cannot consider the inconvenience to the existing parties.

used on the Movants land they would be collaterally estopped from claiming the same technique was negligent. Such a finding would prejudice Movants in a subsequent suit, therefore Movants have shown prejudice if their motion is denied.

4.     *The existence of unusual circumstance militating either for or against a determination that the application is timely*

The parties have failed to show any unusual circumstances militating either for or against timeliness. Although Defendants have shown that Movants waited well over a year before filing their Motion for Intervention, Defendants have failed to show how this would prejudice them. Because Movants have shown that they will be prejudiced if not allowed to intervene and Defendants have failed to show how they will be prejudiced, Movants' Motion to Intervene is timely.

**B.     Whether Movants have an interest relating to the property or transaction which is the subject of the pending action?**

An applicant for intervention must have an interest relating to the property or transaction which forms the subject matter of the action. Intervention as a matter of right requires "a direct, substantial, legally protectable interest in the proceedings." *New Orleans Public Service, Inc. v. United Gas Pipeline Co.*, 732 F.2d 452, 463 (5th Cir. 1984)(citing *Diaz*, 427 F.2d at 1124).

Movants have shown that they have an interest relating to the property which is the subject of this case. As the rule of capture applies in Texas, Movants have a right to the water in the aquifer beneath their land. *See Sipriano v. Great Spring Waters of America, Inc.*, 1 S.W.3d 75 (Tex. 1999). Because the aquifer beneath Movants' land is involved in the pending litigation and Movants have a right to the water in the aquifer, Movants have an interest in the pending litigation.

**C.     Whether the Movants are so situated that the disposition of the action may, as a practical matter, impair or impede Movants' ability to protect their interest?**

Movants would be impeded from bringing their claim if their Motion in Intervention is denied.  Movants assert that "defendants negligently mined uranium from approximately 5,458 surface acres owned by the plaintiffs in the original suit, and the movants here."  Mot. in Intervention, p.2.   A common underground aquifer exists beneath both Plaintiffs' and Movants' land.  If the Court found that Defendants were not negligent in mining on the Trautmann land, Movants would be collaterally estopped from bringing a separate suit claiming that Defendants' negligence on the Trautmann land allowed the aquifer (that exists under both tracts of land) to be polluted.  Therefore, Movants have made a showing that disposition of the action may, as a practical matter, may impede Movants' ability to protect their interest.

**D.    *Whether the Movants' interests are inadequately represented by the existing parties to the suit?***

In a motion for intervention, the movant bears the burden of "demonstrating inadequate representation, but this burden is 'minimal.'" *Espy*, 18 F.3d at 1207(citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972).   The movant is only required to show that the representation "may be inadequate." *Id*.(Internal quotations omitted).

Movants have shown that their interests are inadequately represented by the existing parties. Defendants have an adverse interest to Movants on the basis that Movants are bringing their claims against Defendants.  Although Movants and Plaintiffs have overlapping claims due to the aquifer that exists beneath both tracts of land, the fact remains that there are two separate tracts of land each with their own lease.  Plaintiffs' claims involve only the lease on the Trautmann land, therefore Plaintiffs cannot adequately protect the interests of Movants on the Benavides land.

Movants have shown all four elements to intervene as a matter of right.  Therefore, Movants'

Motion in Intervention is hereby GRANTED.

IT IS SO ORDERED.


      DONE at Laredo, Texas, this 30th day of March, 2006.


_____
Adriana Arce-Flores
United States Magistrate Judge


**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS NOTICE SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**