O

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | |
|---|---|
| SARA ALICIA B. TRAUTMANN; § <br> SABT RANCH LTD.; PATRICIA § <br> BENAVIDES; ARTURO BENAVIDES; § <br> LOS ANGELES CATTLE CO., LTD.; § <br> AND LOS ANGELES MINERALS, § <br> LTD., § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> COGEMA MINING, INC.; MALAPAI § <br> RESOURCES CO.; MALCO; AND § <br> TOTAL CORP., § <br> *Defendants*. § | CIVIL ACTION NO. 5:04-cv-117 |

## **OPINION & ORDER**

Pending before the Court is Plaintiffs' Motion for Partial Summary Judgment against Defendants. [Doc. No. 80-1]. Upon due consideration of the record, and the governing law, the Court DENIES Plaintiffs' Motion.

**I.     PROCEDURAL BACKGROUND AND RELEVANT FACTS**

The Court will not address the merits of this case in disposing of Plaintiffs' Motion. Therefore, a detailed recitation of the facts underlying this suit is not necessary. Rather, a cursory background summary of this otherwise complicated controversy will suffice for present purposes.

This dispute arises out of Defendants' uranium mining activity on two tracts of land, one owned by Plaintiffs Sara Trautmann and SABT Ranch, and the other owned by the remaining Plaintiffs who are parties to this suit as Intervenors. [Doc. No. 87 at 10]. The respective properties are situated contiguously in Webb and Duval Counties, Texas. [Doc. No. 87 at 10].

To extract the uranium from the aquifers underlying Plaintiffs' lands, Defendants engaged in a practice termed "in-situ leaching," which, by its very nature, leads to the contamination of the respective aquifer. [Joe Zupan Dep. 100-01, Doc. No. 39-1, Jan. 5, 2005]; [*see also* Kreitler Aff., Ex. C]. Normally, contaminants are removed from a uranium production aquifer via a restoration process usually commenced upon the cessation of mining efforts. [Kreitler Aff., Ex. C]. This suit arises out of Defendants' alleged failure to adequately restore the aquifers under Plaintiffs' lands, and other acts allegedly committed by Defendants which Plaintiffs claim have caused them injury. In this regard, Plaintiffs and Intervenors, together, bring a number of claims, including fraud, breach of contract, trespass, and negligence. [Doc. No. 87 at 18-19].

On September 6, 2005, Defendants filed their Motion for Summary Judgment, which the Court denied in part and granted in part on September 5, 2006. [Doc. No. 90]. Plaintiffs filed the Motion for Summary Judgment now before the Court on June 1, 2006. [Doc. No. 80].

II.   SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides for summary judgment if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 263 (1986). An issue is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the non-moving party." *Id.* at 261. The Court reviews the record by drawing all inferences most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Once

a moving party has met its burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

Assuming no genuine issue exists as to the material facts, the Court will then decide whether the moving party shall prevail solely as a matter of law. *Id.* The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In the present case, Plaintiffs seek summary judgment as to their own claim, on which the bear they bear the burden of proof at trial as to each element.[1] Such a practice is permitted by Federal Rule of Civil Procedure 56(a). However, the burden is understandably heavier—they must show the absence of a genuine issue of material fact as to each element, rather than any single "essential element," of the claims for which they seek summary judgment. *See Irby v. Bittick*, 44 F.3d 949, 953 (11th Cir. 1995) ("If the moving party bears the burden of proof at trial, it must demonstrate that on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party.) *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir.1991) (en banc) ("When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) ("[P]articularly where . . . the moving party is also the party with the burden of proof on the issue . . . the movant . . . [must] . . . satisfy[y] its burden of

---

[1] With the exception, of course, of any affirmative defenses Defendants advance.

demonstrating there is no genuine dispute on *any* material fact.") (emphasis added); *Wasserman v. Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) (stating that, in this circumstance, the moving party bears "the burden of supporting their motions "with credible evidence . . . that would entitle [them] to a directed verdict if not controverted at trial." (citing *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting))); *Chaplin v. Nationscredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) ("To obtain summary judgment, if the movant bears the burden of proof on an issue . . . he must establish beyond peradventure all of the essential elements of [his claim] to warrant judgment in his favor.").

Plaintiffs also seek summary judgment as to Defendants' affirmative defenses. As to such claims, Plaintiffs must identify the essential elements of each defense for which Plaintiffs claim Defendants have no evidence, and demonstrate the absence of such evidence. *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 (5th Cir. 2000).

### III.   DISCUSSION

The Court's detailed analysis of Plaintiffs' claims can be found in its September 5, 2006 opinion disposing of Defendants' Motion for Summary Judgment. [Doc. No. 90]. The Court sees no need to repeat that analysis here, for Plaintiffs have failed to satisfy their initial burden of presenting to the Court a proper motion for summary judgment.

Despite Plaintiffs' perfunctory recitation of caselaw language to the contrary, Plaintiffs argue as if the initial evidentiary burden in the summary judgment context lies with the non-moving party; Plaintiffs demand that "Defendants produce significant probative evidence demonstrating the existence of a triable issue of fact on each of Plaintiff's [sic] claims." [Doc. No. 80-1 at 2]. The implication inherent in this demand—that the initial burden lies with Defendants to

4

demonstrate a genuine issue of material fact—characterizes the overall posture of Plaintiffs' Motion.

Of course, it is true that "[o]nce a properly supported motion for summary judgment is presented, the burden shifts to the non-moving party . . . to show with significant probative evidence that there exists a triable issue of fact." *Kansa Reinsurance Co. v. Congressional Mortgage Corp.*, 20 F.3d 1362, 1371 (5th Cir. 1994). However, the operative language in the above quote for present purposes is the phrase "*properly supported* motion for summary judgment," which means that the moving party must satisfy its initial burden of *showing*, not merely declaring, the absence of a genuine issue of material fact as to each claim. *Liberty Lobby, Inc.*, 477 U.S. at 263. In other words, Plaintiffs "bear[] the initial responsibility of informing the district court of the basis for [their] motion, and *identifying those portions of the [record]* which [they] believe[] demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (emphasis added); *see also United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (describing the moving party's duty as an "affirmative" one).

Far from satisfying their burden, Plaintiffs have essentially reiterated the claims in their Complaint, and have preceded or followed each with a generic statement that Defendants have failed to provide "evidence to prove the existence of a triable issue of fact" as to that claim. [Doc. No. 80-1 *passim*]. "[I]t is not enough to move for summary judgment . . . with a conclusory assertion that the plaintiff has no evidence to prove his case." *Celotex*, 477 U.S. at 328. (White, J., concurring).

This case involves thousands of pages of documentary evidence. Interestingly, Plaintiffs do not once cite the record in their Motion. Rather, they leave it to the Court to comb through the record, and to flesh out their conclusory assertions that Defendants have produced "no evidence"

5

tending to establish that the pertinent issues are "triable." Because the Court is comfortable with the current scope of its duties, it will decline such a task. After all, "judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

Plaintiffs have failed to present to the Court a proper summary judgment motion. Therefore, the Motion submitted is **DENIED**.

IT IS SO ORDERED.

Done this 19th day of September, 2006, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**