IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| SARA ALICIA B. TRAUTMANN; SABT RANCH LTD., *et. al.*, <br> *Plaintiffs*, <br><br> v. <br><br> COGEMA MINING, INC.; MALAPAI RESOURCES CO.; MALCO; AND TOTAL CORP., <br> *Defendants*. | § § § § § § § § § § § § CIVIL ACTION NO. 5:04-cv-117 |

## **OPINION & ORDER**

Pending before the Court is Plaintiffs' Motion to Dismiss Without Prejudice their own claims against Defendants. [Dkt. No. 101]. Upon due consideration of the numerous filings, and the governing law, the Court DENIES Plaintiffs' Motion.

### I. PROCEDURAL BACKGROUND AND RELEVANT FACTS

This dispute arises out of Defendants' uranium mining activity on two tracts of land, one owned by Plaintiffs Sara Trautmann and SABT Ranch, and the other owned by the remaining Plaintiffs who are parties to this suit as Intervenors. [Dkt. No. 87 at 10]. Fortunately, disposition of the instant mater does not require a detailed explanation of the underlying facts. Rather, it suffices to note that Plaintiffs' claims center on Defendants' alleged failure to adequately restore Plaintiffs' lands and underground water aquifers upon cessation of mining activities.

To prove their claims, Plaintiffs designated three individuals, David Sorrells, Betty Harclerode-Moore, and Dr. Charles Kreitler, among others, as expert witnesses [the "Three Experts,"] but did so

untimely. On April 25, 2006, Defendants filed their Motion to Exclude Plaintiffs' and Intervenors' Untimely Designated Expert Witnesses. [Dkt. No. 64-1]. On August 29, 2006, the Magistrate Judge granted Defendants' Motion. [Dkt. No. 88]. Plaintiffs filed their Objections to the Magistrate Judge's order on September 13, 2006, [Dkt. No. 95], which this Court overruled on October 19, 2006, [Dkt. No. 100]. Reeling from the loss of their expert witnesses, Plaintiffs now move for dismissal without prejudice of their claims so that they may re-file their suit, properly designate their experts, and thus enjoy the testimony of Sorrells, Moore, and Kreitler.

## II.   DISCUSSION

Plaintiffs argue that the Three Witnesses struck are essential to their otherwise meritorious claims, and that the Court should allow Plaintiffs to re-file this suit if doing so is the only way Plaintiffs can call upon all relevant expert opinions, and thereby present the full merits of their claims to a jury. [Dkt. No. 101]. Plaintiffs argue that such is particularly warranted because the Court has already, in denying Defendants' Motion for Summary Judgment, ruled that Plaintiffs have advanced viable claims. [Dkt. No. 101 (referring to Dkt. No. 90)]. Thus, in the "interests of justice," as the argument goes, the Court should dismiss Plaintiffs' claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), which allows a court, upon a plaintiff's motion, to dismiss a suit "upon such terms and conditions as the court deems proper."

Generally, "motions for voluntary dismissal should be freely granted, absent some plain legal prejudice to the non-moving party." *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003); *Elbaor v. Tripath Imaging Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). In other words, "[a] trial court should deny a motion for voluntary dismissal without prejudice if granting it would cause the defendant to 'suffer some cognizable prejudice greater than the mere prospect of a second

lawsuit.'" *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991) (quoting *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir.1990)). Although the mere prospect of a second lawsuit is not cognizable "prejudice" to a defendant in this context, "when a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal." *Id.* at 199; *Dow Chem.*, 343 F.3d at 330.

The scenario presented in this case is similar to the circumstances at issue in various controlling Fifth Circuit decisions. In *Davis*, the plaintiffs moved for dismissal without prejudice a year after they filed suit, and after the filing of numerous pre-trial motions. *Davis*, 936 F.2d at 198. In the present case, Plaintiffs' Motion comes more than two years after the suit's commencement. Additionally, as was the case in *Davis* and *Dow Chemical*, Plaintiffs' motion comes only after this Court affirmed the Magistrate Judge's decision to exclude the crucial Three Experts as untimely designated. [Dkt. No. 100]. That adverse ruling was inspired by the particularly flagrant tardiness of Plaintiffs in designating their expert witnesses, which, to the Court, represented Plaintiffs' indifference to the Court's scheduling orders. [Dkt. No. 100].

Plaintiffs articulate very well the two primary considerations governing disposition of Rule 41(a)(2) motions. First, in lamenting the evidentiary handicap to their case caused by the loss of their Three Experts, Plaintiffs' attorneys argue that the Court should not "visit the sins of the lawyer upon his client." [Dkt. No. 101, ¶ 25]. This statement is evocative of the Supreme Court's recognition that a Rule 41(a)(2) motion should be granted when the reviewing court "believes that although there is technical failure of proof there is nevertheless a meritorious claim." *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947). However, the equitable desire to resolve disputes on the merits must be balanced with the countervailing principle that, as Plaintiffs

themselves put it, "[o]utright dismissal should be refused . . . when a plaintiff seeks to circumvent an expected adverse result." [Dkt. No. 101, ¶ 8].

From the evidence presented in support of the various dispositive motions hereto filed, it appears that Plaintiffs have meritorious claims. However, not only is a ruling adverse to Plaintiffs "expected" in this case, it has already been rendered. Indeed, Plaintiffs admit that the loss of their Three Experts is their sole motivation in attempting to dismiss their own case. [Dkt. No. 101 at 2]. To grant Plaintiffs' Motion on this basis alone would be to tell all future litigants that they can "wipe the slate clean" of all the adverse consequences of their dilatory pretrial conduct simply by moving for voluntary dismissal.

Indeed, the Court must highlight various indiscretions on the part of Plaintiffs' attorneys which, taken collectively, fail to inspire leniency. In addition to their extreme tardiness in designating their expert witnesses, Plaintiffs: (1) waited 301 days after removal of this case to federal court to file their demand for a jury trial, even though they were required to do so within ten days of removal, [Dkt. No. 28]; (2) beseeched the Court to order the depositions of several individuals they claimed were "crucial" to their case, only to later cancel such depositions, [Dkt. No. 95]; (3) failed, on at least two occasions, to appear and produce witnesses for depositions,[1] [Dkt. Nos. 64-13, 64-14]; (4) urged the Court to extend a discovery deadline, claiming they were in great need of various documents possessed by Defendants—documents the Court later found had already been produced by Defendants at the time Plaintiffs moved for an extension, [Dkt. No. 58]; (5) created blatant scheduling conflicts, either intentionally or negligently, by noticing depositions for dates on which

---

[1] Importantly, the Texas Lawyers' Creed, which governs attorney conduct in this Court, provides that attorneys shall "notify opposing counsel, and, if appropriate, the Court or other persons, as soon as practicable, when hearings, depositions, meetings, conferences or closings are cancelled."

Defendants were scheduled to depose Plaintiffs' witnesses,[2] [Dkt. No. 21-9]; (6) have repeatedly waited until the last minute to engage in basic discovery steps, such as inspecting documents produced by Defendants or deposing Defendants' witnesses; (7) noticed numerous depositions unilaterally, without first attempting to confer with Defense counsel, [Dkt. No. 34, Exs. 1-12]; (8) and failed to initiate telephone conferences as ordered by the Court.[3] [Dkt. No. 10].

In short, Plaintiffs' predicament is of their own making, and Rule 41(a)(2) is not a "do-over" provision. The minor condition of requiring Plaintiffs to pay only those fees incurred by Defendants in arguing this specific matter, in exchange for voluntary dismissal, would be to grant Plaintiff's a "free pass" to which they certainly are not entitled, even under the relatively forgiving Rule 41(a)(2) rubric. Accordingly, Plaintiffs' Voluntary Motion to Dismiss Without Prejudice is **DENIED.**

Should Plaintiffs desire, the Court will convert their Motion into one for dismissal *with* prejudice. Plaintiffs are **ORDERED** to inform the Court within thirty (30) days whether they wish to accept dismissal with prejudice or prefer to continue prosecution of their suit.

IT IS SO ORDERED.

Done this 21st day of March, 2007, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

---

[2] The Texas Lawyers' Creed also provides that attorneys shall "not arbitrarily schedule a deposition . . . until a good faith effort has been made to schedule it by agreement."

[3] To reinforce its exhaustive list of grievances with Plaintiffs' counsel, Defendants cite to the Minute Entry for proceedings held by the Magistrate Judge on May 3, 2006, [Dkt. No. 70]. According to Defendants, "the Magistrate Judge notes that Defendant has complied with all the deadlines the Court has given them and the Plaintiff[s] [have] not." [Dkt. 105 at 3 n.2 (citing Dkt. No. 70)]. The Magistrate Judge said no such thing. For the sake of caution, parties to litigation should generally presume that the reviewing court will actually read the relevant documents.