IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SARA ALICIA B. TRAUTMANN; AND SABT RANCH LTD., | § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO. 5:04-cv-117 |
| v. | § § | |
| COGEMA MINING, INC.; MALAPAI RESOURCES CO.; MALCO; AND TOTAL CORP., | § § § § | |
| *Defendants*. | § | |

## **OPINION & ORDER**

Pending is Plaintiffs' joint Motion to Reconsider the Court's Order of March 21, 2007. [Dkt. No. 110]. Plaintiffs Trautmann and SABT Ranch, Ltd., as well as the Intervenor Plaintiffs (hereinafter "Trautmann"), ask the Court to review an Opinion and Order, [Dkt. No. 109], denying Trautmann's Motion to Dismiss Without Prejudice. [Dkt. No. 101]. Defendants Cogema Mining et al. ("Cogema") filed a joint response on May 11, 2007, [Dkt. No. 113], twenty-one days after Trautmann requested reconsideration. Because Cogema's opposition was not timely filed, the Court deems the Motion unopposed. *See* L.R. 7.3, 7.4.[1] Nevertheless, upon due consideration of the filings and governing law, the Court holds that Trautmann's motion lacks merit. Accordingly, the Court **DENIES** the Motion for Reconsideration.

**I.    RELEVANT FACTS**

This case arises out of Cogema's uranium mining activity on two tracts of land, one owned by Trautmann and SABT Ranch, and the other by the Intervenor Plaintiffs. [Dkt. No. 87 at 10].

---
[1] It should be noted that, having failed to include a "separate proposed order granting the relief requested and setting forth information sufficient to communicate the nature of the relief granted," Trautmann is not in compliance with L.R. 7.1C.

To extract uranium from the underground aquifers, Cogema engaged in a form of mining termed "in-situ leaching," by which chemicals in liquid form, many of them toxic, are injected into the production aquifer in order to separate uranium molecules from other substances. [Joe Zupan Dep. 100-01, Dkt. No. 39-1, Jan. 5, 2005]. This process, which increases the concentration of contaminants in the production aquifer, is usually remedied via a restoration process after the production aquifer is depleted of uranium. *Id.* In this case, Trautmann alleges: (1) that Cogema failed to adequately restore underground water aquifers upon cessation of mining activities, as required under its lease with Trautmann; (2) that Cogema negligently contaminated the soil of Trautmann's surface estates; and (3) that Cogema's failure to promptly vacate Trautmann's property upon cessation of mining activities amounts to trespass. [Dkt. No. 87]. To establish her case at trial, Trautmann plans to introduce the testimony of several expert witnesses. A dispute over those witnesses is the progenitor of the pending motion.

## II.   PROCEDURAL BACKGROUND

This case was first removed to this Court three years ago, on August 20, 2004. [Dkt. No. 1]. The pretrial process, especially discovery, has been extremely protracted and delayed due in no small part to missed deadlines. The deadline to designate witnesses in this case fell on March 3, 2005. [Dkt. No. 13]. However, Trautmann designated Dr. Charles Kreitler as an expert witness on April 17, 2006, [Dkt. No. 61], and David Sorrells and Betty Harclerode-Moore as expert witnesses on May 1, 2006 (collectively referred to hereinafter as "the Three Experts"). [Dkt. Nos. 67, 86]. On April 25, 2006, Cogema filed a Motion to Exclude Plaintiffs' and Intervenors' Untimely Designated Expert Witnesses. [Dkt. No. 64-1]. On August 29, 2006, the Magistrate Judge granted Defendants' Motion to Exclude the Three Experts. [Dkt. No. 88]. Plaintiffs filed Objections to the Magistrate Judge's order on September 13, 2006, [Dkt. No. 95], which this

Court overruled on October 19, 2006, [Dkt. No. 100]. Concerned with the severe disadvantage at trial which would likely result from the loss of these experts, Trautmann moved for dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2). [Dkt. No. 101]. The Court denied this motion on March 21, 2007, [Dkt. No. 109]; Trautmann now asks the Court to reconsider. [Dkt. No. 110]. Were the Court to allow dismissal without prejudice, Trautmann would re-file the suit, timely designate the witnesses, and thus enjoy the testimony of the Three Experts. [Dkt. No. 101 ¶¶ 1-2].

## II.    DISCUSSION

### A.    Legal Standard

Because Plaintiffs' motion lists no Federal Rule or case for the relevant legal standard,[2] a discussion of the rules and policies of reconsideration is necessary. While the Federal Rules do not explicitly recognize motions for reconsideration, courts evaluate these under either Rule 59(e), motions "to alter or amend judgment," or Rule 60(b), motions for "relief from judgment." *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir. 1990). A motion served within the ten days prescribed by Rule 59(e) is evaluated under that Rule; otherwise, a court evaluates the motion under Rule 60(b). *Id.* (citing *Harcon Barge Co. v. D & G Boat Rentals*, 784 F.3d 665, 669-70 (5th Cir. 1986) (en banc)). Because Trautmann filed for reconsideration thirty days after the Court denied the motion to dismiss, Rule 60(b) applies.

Rule 60(b) states: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding . . . ." In applying the Rule, a court must balance the principle of finality of orders with the interest of doing justice. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (quotation omitted). A court has considerable discretion in determining whether to grant relief, which it abuses "if it bases its

---

[2] *See* L.R. 7.1B (requiring that opposed motions "include or be accompanied by authority").

decision on an erroneous view of the law . . . ." *Id.* (citation omitted).  Rule 60(b) contains six subparts, which the Court will consider in turn.

### B. Determining Which Clause of Rule 60(b) Applies

To determine which clause of 60(b), if any, to apply, the Court must first construe the motion in a manner that relates to the standard for reconsideration.  While Trautmann makes many arguments of law and fact, the Court construes the motion as containing two basic assertions: (1) that the Court incorrectly ruled on Plaintiffs' Motion to Voluntarily Dismiss; and (2) that "devastating injury" will result if the March 21, 2007 decision stands.  [Dkt. No. 110 ¶ 17]. Respectively, the Court construes these arguments as falling under Rule 60(b)(1), allowing relief for "mistake, inadvertence, surprise, or excusable neglect;" and 60(b)(6), "any other reason justifying relief from the operation of the judgment."  Other bases for relief include newly discovered evidence, fraud, voidness of judgment, and satisfaction of judgment.  *See* Fed. R. Civ. P. 60(b)(2)-(5).  Trautmann's Motion implicates none of these subparts.

At the outset, the Court notes that this Order will not revisit earlier decisions excluding the Three Experts, or inquire whether the extremely tardy designation of the witnesses resulted from counsel's "excusable neglect"—this order only evaluates denial of Trautmann's motion to dismiss.  However, because the exclusion of the Three Experts prompted the motion to dismiss, so that Trautmann could re-file with a fresh set of discovery deadlines, [Dkt. No. 101 ¶¶ 1-2], the practical effect of exclusion of the witnesses on Trautmann's ability to make her case at trial is still relevant.  Nevertheless, the sole question now before the Court is whether reconsideration is warranted with respect to the Court's decision not to grant leave for voluntary dismissal without prejudice under Rule 41(a)(2).

### 1. Rule 60(b)(1)

Trautmann asserts that the Court erroneously ruled on a fundamental issue of law: namely, that the Court wrongly denied leave to voluntarily dismiss without prejudice under Rule 41(a)(2). [Dkt. No. 110 ¶¶ 2-14]. Rule 60(b)(1) serves to remedy "mistake, inadvertence, surprise, or excusable neglect." The Fifth Circuit has inconsistently interpreted whether this means that a mistake of law on the part of the rendering court may be challenged. *Compare Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987) (noting that Rule 60(b)(1) can apply to "an obvious error of law," saving an appeal), *with McMillan v. MBank Forth Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993) (reasoning that the Rule is not a substitute for appealing a purportedly erroneous legal ruling). However, "when two panel opinions appear in conflict, it is the earlier which controls." *Harvey v. Blake*, 913 F.2d 226, 228 n.2 (5th Cir. 1990). Therefore, the Court may review its substantive decision denying Trautmann's motion to dismiss. In any case, Rule 60(b) only operates to remedy a "fundamental misconception of the controlling law," *Hill*, 827 F.2d at 1043; *a fortiori*, a Rule 60(b) motion cannot reverse a decision that could fairly have gone either way.

It is apparent that denial of the motion to dismiss does not rest upon a "fundamental misconception" of law. *See id.* As discussed in a past order issued by this Court, [Dkt. No. 109 at 2], Rule 41(a)(2) favors voluntary dismissal unless legal prejudice will inure to the non-moving party. *United States ex rel. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003); *Elbaor v. Tripath Imaging Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Nevertheless, a court has discretion to deny dismissal when a proceeding has reached a late stage—after the parties and the court have expended significant amounts of time and resources. *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991).

Trautmann asserts that the Court misapplied Fifth Circuit precedent in denying her motion to dismiss. The thrust of her argument is that given the Court's previous finding that Trautmann's claims appear "meritorious"—i.e., sufficient to survive summary judgment—it should avoid a ruling that inhibits Trautmann from a full presentment of the merits. [Dkt. No. 110 ¶¶ 2, 5]. Moreover, argues Trautmann, as Cogema knew of the Three Experts' involvement in the litigation and questioned them during parallel hearings before the Texas Commission on Environmental Quality, it cannot be prejudicial to allow these witnesses to testify at trial. [Dkt. No. 110 ¶¶ 4, 7, 16]. Finally, Trautmann asserts that the Court could have created curative conditions to avoid prejudice, delay, or undue costs to Cogema. [Dkt. No. 110 ¶¶ 10-11]. In sum, the harm to Trautmann's case, and lack of prejudice to Cogema, command reversal of the March 21 order.

The Court disagrees. In *Elbaor*, the Fifth Circuit stated that a court should "generally, absent some evidence of abuse by the movant," allow dismissal. *See* 279 F.3d at 317-18. This states the basic policy of Rule 41(a)(2), but the Fifth Circuit never indicates that a court *must* always allow a party to dismiss without prejudice, even when it does not significantly prejudice the non-moving party. *See id.* Rather, the holding in *Elbaor* stands for the narrow proposition that it may be an abuse of discretion to dismiss *with* prejudice upon a Rule 41(a)(2) motion when curative conditions can prevent prejudice. *See id.* at 318-20. Trautmann's emphasis on the lack of prejudice to Cogema misses the point: denial of the motion to dismiss was necessary to uphold the Court's prior ruling striking the Three Experts, which Trautmann has unsuccessfully challenged twice already. [*See* Dkt. Nos. 88, 100]. *Elbaor* instructs courts to look to the motivations for seeking dismissal. 279 F.3d at 319. Here, the purpose is to sidestep past rulings. [Dkt. No. 101 ¶¶ 1-2]. Therefore, the fact that the merits of Trautmann's claim will suffer does

6

not alone mandate reversal. Also, Trautmann's assertion that reconsideration would not prejudice Cogema, even if true, is not relevant.

Trautmann contends that the Eleventh Circuit case *Ponteburg* provides a more factually analogous situation. *See* 252 F.3d 1253 (11th Cir. 2001). The Court agrees that this case bears some similarities to *Ponteburg*. But Trautmann fails to note that, consistent with *Elbaor*, the *Ponteburg* court merely held that a district court does not abuse its discretion in allowing dismissal without prejudice. *See id.* at 1259-60. In no way does this suggest that a court in the Eleventh Circuit, presented with a similar fact pattern, *must* dismiss upon request. Moreover, the facts present marked differences: whereas the plaintiff in *Ponteburg* supplemented its list of witnesses only a few weeks past the deadline, Trautmann delayed doing so for over a year. *Cf. id.* at 1255. Also, the court found that plaintiff had valid reasons for seeking dismissal other than to defeat an unfavorable court order—which is not the case here. *See id.* at 1259.

Trautmann has not shown that this Court, in correctly applying Fifth Circuit law rather than a case from a sister circuit, committed a "fundamental misconception" of law. *Cf. Hill*, 827 F.2d at 1043. Therefore, reconsideration is improper under Rule 60(b)(1).

### 2. Rule 60(b)(6)

Relief may also issue under the saving clause of Rule 60(b)(6): "any other reason justifying relief from the operation of the judgment." However, this Rule is not a vehicle for summary review of adversely decided questions, but rather a discretionary tool to prevent "manifest injustice." *Lavespere*, 910 F.2d at 167. Rule 60(b) operates only in "extraordinary circumstances." *Hesling*, 396 F.3d at 642 (quotation omitted). This therefore precludes the argument that Rule 60(b)(6) relief is warranted simply because an order or judgment is erroneous or will cause some hardship. *See Williams v. New Orleans Pub. Svc., Inc.*, 728 F.2d 730, 736

(5th Cir. 1984). Even where the client's case is fatally harmed solely due to a lawyer's substantial misconduct, it is not an abuse of discretion to deny reconsideration. *Vela v. W. Elec. Co.*, 709 F.2d 375, 376 (5th Cir. 1983). Moreover, "relief under 60(b)(6) is mutually exclusive from relief available under sections (1)-(5)." *Hesling*, 396 F.3d at 643 (citation omitted). However, because Rules 60(b)(1)-(5) do not justify overturning the Court's previous judgment, Rule 60(b)(6) will be considered as well.

Illustrative of the high standard is *Vela*. 709 F.2d at 377. There, the Fifth Circuit found that the district court had not abused its discretion in refusing to reconsider a judgment dismissing a case with preclusive effect, solely due to counsel's repeated failure to comply with the Court's deadlines and scheduling orders. *Id.* The court noted that sanctions against attorneys are the more common remedy for counsel's shortcomings, but emphasized that district courts have discretion in remedying such shortcomings. *Id.* at 376.

Trautmann asserts that the denial of her request to dismiss must be reversed because otherwise she may not be able to establish what the Court has acknowledged to be a potentially meritorious claim. [Dkt. No. 110 ¶¶ 2, 17, 19-20]. The Court holds that "manifest injustice" will not result if the current motion is denied. *See Lavespere*, 910 F.2d at 167. This remains true even if one assumes that the loss of the Three Experts constitutes a "devastating injury" to Trautmann. [Dkt. No. 110 ¶ 17]. A court does not abuse its discretion merely because a lawyers' shortcomings ultimately cause fatal harm to the client's case. *See Vela*, 709 F.2d at 376. While refusing to allow voluntarily dismissal punishes Trautmann for her attorney's failure to timely designate the Three Experts, taking such a step is within the discretion of the Court. *See id.* As noted, counsel's failure was but one of many. [*See* Dkt. No. 109 at 4-5]. This even includes failure to comply with the Local Rules in this motion. [*See supra* notes 1 & 2]. Finally, the

8

Court finds unpersuasive Trautmann's assertion that counsel's behavior has been reasonable throughout the course of this proceeding. [Dkt. No. 110 at ¶ 14].

### C. Balancing Finality With the Interests of Justice

Trautmann's Motion for Reconsideration does not meet the standards of Rules 60(b)(1) and 60(b)(6). Because the motion does not demonstrate that overturning the Court's March 21, 2007 order is in the interest of justice, the balance weighs heavily in favor of the need for finality of the Court's orders. *See Hesling*, 396 F.3d at 638. The Court easily concludes that the Motion must be denied. Moreover, the Court notes that Trautmann has not submitted new evidence or interpretations of law to show why she is entitled to relief. The Motion rehashes old arguments as to why dismissal should be allowed, and why the Three Experts should testify at trial. The Court finds troubling that Trautmann moves for reconsideration to collaterally attack the Court's earlier orders, even as counsel claims to have always acted "in good faith." [Dkt. No. 110 ¶ 14]. Reconsideration is an extraordinary equitable power which should only be exercised when a specific basis for the remedy is met, and when upsetting a past order is essential to prevent injustice. *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998). It is not appropriate merely because a party dislikes a legally correct decision which results in a tactical disadvantage.

### IV. CONCLUSION

Trautmann fails to point to a "fundamental misconception of the controlling law," *Hill*, 827 F.2d at 1043, in the March 21, 2007 order sufficient to meet the standard of Rule 60(b)(1). Moreover, the Court finds that denying Trautmann's Motion for Reconsideration will not cause "manifest injustice," and therefore holds that relief is improper under Rule 60(b)(6). Finally, neither basis is sufficient to justify upsetting the need for the Court's orders to be final. Accordingly, the Motion for Reconsideration, [Dkt. No. 110], is **DENIED**.

9

IT IS SO ORDERED.

Done this 7th day of September, 2007, in Laredo, Texas.

                                                     Micaela Alvarez
                                      UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**