UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SARA ALICIA TRAUTMANN, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. L-04-117 |
| | § | |
| COGEMA MINING, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## FINAL JUDGMENT

On March 31, 2008, came on for trial the above-referenced and numbered cause. Plaintiffs Sara Alicia B. Trautmann and SABT Ranch, Ltd. appeared in person and by attorney. Intervenors Estate of Patricia J. Benavides, Arturo Tomas Benavides, Los Angeles Cattle Company, and Los Angeles Minerals, Ltd. appeared in person and by attorney. Defendants Cogema Mining, Inc.; Malapai Resources Company; Malco; and Total Corporation appeared in person and by attorney. Prior to the selection of a jury, the parties announced that a full and final settlement had been reached. The terms of the settlement were dictated into the Court's record. Counsel for all parties, and the parties themselves, agreed that the terms recited reflected the agreement of the parties. The Court therefore enters the following Judgment, which reflects the terms specified on March 31, 2008 in open court. It is hereby ordered that:

1. Defendants shall pay the sum of $850,000 to Plaintiffs.

2. Defendants shall restore Plaintiffs' lands the subject of this lawsuit to applicable state and federal regulatory requirements. Defendants are not

obligated to comply with the terms of Texas Risk Reduction Program, Texas Administrative Code Section 350.

3. Defendants shall complete restoration of Plaintiffs' lands within two years of entry of this Judgment. Defendants shall be entitled to delay completion in the event of weather-induced stoppages, acts of God, or delays caused by federal or state agencies. The restoration process shall also be subject to approval by federal and state agencies. The two-year period in which Defendants shall complete remediation will be extended in the event of, and to the extent of, the aforementioned delays, including when approval from federal and state agencies is pending.

4. All buildings on Plaintiffs' property described in the plant surface agreement shall be demolished and removed. The paved road from State Highway 359 to the plant site described in the plant surface agreement will remain intact. Fences surrounding the plant and production areas shall be removed. The parking lot at the production facility shall be removed.

5. Plaintiffs shall provide Defendants with a full and complete release from claims arising or which could have been brought in the above-referenced and numbered cause.

6. Defendants shall be entitled to continue use of the open pit to complete restoration. Materials placed in pits shall remain buried. The open pit shall be enclosed to conform to state regulations, including the placement of three feet of dirt above the pit.

7. Defendants may place in the open pit on Plaintiffs' property only noncontaminated materials, consisting of the following: cement, concrete, PVC, fiberglass, cement sacks, and wooden pallets.  No metals shall be deposited except for rebar encased in concrete and cement.  Defendants shall also be entitled to place in the open pit noncontaminated materials, consisting of cement, concrete, PVC, fiberglass, cement sacks, and wooden pallets, from those of Intervenors' lands which were the subject of Intervenors' lease with Defendants.  Defendants retain the right to excavate and square off the slanted wall of the existing open pit on Plaintiffs' land to fully utilize such pit.

8. Defendants shall give Plaintiffs prior notice before covering any open pits, including in the plant site.  Armando Benavides shall have a preferential right to complete the work to cover the open pit.

9. Defendants shall provide release letters from the State and the NRC regarding site closure once such event occurs.

10. Defendants shall pay a penalty of $10,000 per month if Defendants fail to complete remediation and closure of the site within the time specified in this Judgment, including permissible delays.

11. Defendants shall have the right to assign the radioactive materials license and all rights thereto without objection from Plaintiffs.  Assignment is subject to TCEQ approval.  In the event that Defendants assign such license, Defendants shall remain liable for responsibilities under this Judgment.

Additionally, it is ordered that:

1. Defendants shall pay the sum of $750,000 to Intervenors.

2. Defendants shall restore Intervenors' lands the subject of this lawsuit to applicable state and federal regulatory requirements. Defendants are not obligated to comply with the terms of Texas Risk Reduction Program, Texas Administrative Code Section 350.

3. Defendants shall complete restoration of Intervenors' lands the subject of this lawsuit within two years of entry of this Judgment. Defendants shall be entitled to delay completion in the event of weather-induce stoppages, acts of God, or delays caused by federal or state agencies. The restoration process shall also be subject to approval by federal and state agencies. The two-year period in which Defendants shall complete remediation will be extended in the event of, and to the extent of, the aforementioned delays, including when approval from federal and state agencies is pending.

4. Intervenors shall provide Defendants with a full and complete release from claims arising or which could have been brought in the above-referenced and numbered cause as well as claims relating to the West Cole Field.

5. Defendants shall provide release letters from the State and the NRC regarding site closure once such event occurs.

6. Defendants shall pay a penalty of $10,000 per month if Defendants fail to complete remediation and closure of the site within the time specified in this Judgment, including permissible delays.

7. Defendants shall have the right to assign the radioactive materials license and all rights thereto without objection from Intervenors. Assignment is subject to the settlement conditions of TCEQ approval. In the event that Defendants assign such license, Defendants shall remain liable for responsibilities under this Judgment.

All other relief not granted is hereby denied.

IT IS SO ORDERED.

SIGNED this 10th day of July, 2008.

_____
Micaela Alvarez
United States District Judge